# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td><strong>CHAMBERS OF<br>MARK FALK</strong><br><strong>UNITED STATES MAGISTRATE JUDGE</strong></td><td><strong>USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110</strong></td></tr>
</table>

May 12, 2009

## <u>LETTER OPINION</u>

Keith J. Miller, Esq.
Robinson, Wettre & Miller LLC
One Newark Center
Newark, New Jersey 07102

Thomas J. Bean, Esq.
Darby & Darby P.C.
7 World Trade Center
250 Greenwich Street
New York, New York 10007-0042

Jeffrey Brosemer, Esq.
Brosemer Kolefas & Associates
One Bethany Road
Hazlet, New Jersey 07730

Re:  **Schindler Elevator Corp. v. Otis Elevator Co.**
     **Civil Action No. 09-560 (DMC)**

Dear Litigants:

Before the Court is defendant/counterclaim-plaintiff Otis Elevator Company's ("Otis")

motion for leave to file a third-party complaint pursuant to Fed.R.Civ.P. 14(a). (Docket Entry No.

29).  Plaintiff/counterclaim-defendant Schindler Elevator Corporation ("Schindler") has opposed

the motion.  Otis filed a reply wherein it requested that the Court treat its motion as a motion to

add a counterclaim-defendant pursuant to Fed. R.Civ.P. 13(h).  Schindler filed a sur-reply and

Otis responded.  The Court addresses the matter without oral argument. Fed.R.Civ.P.78.  For the

reasons that follow, Otis' motion is **granted.**

**Background**

On December 23, 2008 Schindler filed a complaint in the United States District Court for the Southern District of New York seeking a declaratory judgment that United States Patent No. 6,739,433 ("'433 Patent") is invalid.  On January 22, 2009 Otis filed a motion for transfer and an answer and counterclaim.  Otis' counterclaim alleges that Schindler's testing, use and anticipated commercialization of certain elevator products using the Gates LL MV 90-07 Tension Member ("Gates Tension Member") unlawfully infringed Otis' '433 Patent.  On January 27, 2009 the United States District Court for the Southern District of New York entered an Order transferring the case to this Court.  This Court docketed the case on February 6, 2009.  On February 17, 2009 Schindler filed its answer to the counterclaim.

On March 4, 2009 Otis filed the present motion seeking leave to filed a third-party complaint against Schindler Aufzüge AG ("Schindler Aufzüge") pursuant to Fed.R.Civ.P. 14(a).  Otis alleges in its proposed third-party complaint that Schindler Aufzüge assisted Schindler in its use and planned commercialization in the United States of elevator products using the Gates Tension Member and that by these actions Schindler Aufzüge directly infringed, and has induced Schindler to infringe, the '433 Patent. (Otis Br. at 3).

Schindler opposes the motion arguing that Rule 14 is not the proper vehicle to implead Schindler Aufzüge because Otis does not seek to transfer to Schindler Aufzüge any potential liability it may have on the declaratory judgment claim.(Schindler Br.at 2).  Schindler also maintains that Schindler Aufzüge did not provide or assist Schindler in obtaining Gates Tension Members and played no role in Schindler's testing activities using the Gates Tension Member and thus cannot be liable for infringement. (Id. at 4-5).  Finally, Schindler questions whether the Court would have

2

jurisdiction over Schindler Aufzüge, a Swiss company. (Id. at 9).

Otis filed a reply requesting that the Court construe its motion to add Schindler Aufzüge as a counterclaim-defendant pursuant to Rule 13(h).  Schindler filed a sur-reply arguing that the motion should be denied because Otis has not explained its delay in seeking leave, and the counterclaim against  Schindler Aufzüge would be futile and prejudice Schindler.  Otis filed a response.

### Discussion

Otis cannot presently implead Schindler Aufzüge in this litigation as a third-party defendant.[1] The Court will treat the motion as if filed pursuant to  Rule 13(h).[2] The  question before the Court then is whether Otis should be granted leave to add Schindler Aufzüge as a counterclaim-defendant under Rule 13(h).

### A.    The Standard for Joinder

Rule 13(h)  permits  joinder  of  persons  not  parties  to  the  original  action  as  parties  to  a

---

[1] Rule 14(a) provides: "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P.14(a).  "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." F.D.I.C. v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994)(quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,  Federal Practice and Procedure §1446 (2d ed.1990)(finding pleading did not qualify as third-party complaint where proposed third-party defendant's liability was not derivative of the original defendant's liability)); see also Slater v. Skyhawk Transportation, Inc., 187 F.R.D. 185, 202 (D.N.J. 1999).  "[T]he crucial characteristic of a Rule 14 third-party claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." Ryan v. Collucio, 183 F.R.D. 420, 422 (D.N.J. 1998)(quotations omitted). Otis' third-party complaint does not seek to transfer to Schindler Aufzüge any potential liability Otis may have on the declaratory judgment claim.  Accordingly, Rule 14 is not the proper vehicle to implead Schindler Aufzüge.

[2] See Joseph Oats Holdings, Inc. v. RCM Digesters, Inc., No. 06-4449, 2008 U.S. Dist. LEXIS 25175(D.N.J. March 27, 2008)(finding motion for leave under Rule 14(a) improper, court granted leave to amend  pursuant to Rule 13(h)).

3

counterclaim provided the provisions of Rules 19 or 20 are met.[3]   Under Rule 20,[4]  parties may be joined as defendants if "any right to relief is asserted against them...with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P.20(a)(2). Courts have interpreted Rule 20(a) as establishing a two-part test for joinder: (1) claims brought against defendants to be joined must arise from the same transaction or occurrence and (2) claims must share a common question of law or fact.  See Waterloov Gutter Protection Systems Co., Inc. v. Absolute Gutter Protection, L.L.C., 64 F.Supp.2d 398, 407 (D.N.J. 1999)(citing Morris v. Paul Revere Ins. Group, 986 F.Supp.872, 885-86 (D.N.J.1997)).   The term "transaction or occurrence" is construed generously to promote judicial economy.  See Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc., 292 F.3d 384, 390 (3d Cir. 2002).

Otis' proposed counterclaim joining Schindler Aufzüge satisfies the requirements of Rule 20.  The counterclaim arises from the same transaction or occurrence, namely, the alleged importation and use of Gates Tension Members in the United States that infringe the '433 Patent. The allegation of infringement of the '433 Patent is directed both at Schindler and Schindler Aufzüge.  Specifically, Otis alleges that Schindler Aufzüge "assisted" Schindler in the importation of the Gates Tension Members and "actively induced Schindler" to use them.  (Otis Reply at 4).  See Waterloov, 64 F.Supp.2d at 406 (quoting 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, 6 Federal Practice and Procedure § 1410 (2d ed.1990)("[a]ny counterclaim involving the same

---

[3]Rule 13(h) provides: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim...." Fed.R.Civ.P. 13(h).

[4]Otis relies on Rule 20 in seeking to join Schindler Aufzüge pursuant to Rule 13(h).

patent as involved in the original action usually is considered to arise from the same transaction as the main claim.").

There are also questions of law and fact common to the counterclaims alleging infringement of the '433 Patent by Schindler and Schindler Aufzüge.[5] SAES Getters S.p.A. v. Aeronex, Inc. 219 F.Supp.2d 1081, 1087 (S.D.Cal. 2002) (where defendant sought to join subsidiary of plaintiff as a defendant on its counterclaim for infringement, court found that joinder was proper as allegations of infringement would involve "at least one, and likely several, common questions of law or fact"); eSpeed, Inc. Brokertec USA, L.L.C., No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 13486, at *10 (D.Del. June 15, 2004)(where allegations that defendant and its corporate affiliate infringed or contributed to infringement of same patent, joinder of corporate affiliate proper because allegations involved common question of law); Xeikon Int'l, N.V. v. Gamut, Inc., No. 03-6123L, 2004 WL 627896, at *3 (W.D.N.Y. Feb. 18, 2004)(where patent owner claimed three defendants introduced the infringing product, court found "common questions of law and fact are likely to exist between the parties" under Rule 20(a)).

## B.    The Standard for Amendment

Provided the joinder requirements of Rule 20 are met, leave to amend to add an adverse party is governed by the general amendment provisions of Rule 15(a). SAES Getters, 219 F.Supp.2d at 1085 (S.D.Cal. 2002)(citing Nelson v. Adams USA, Inc., 529 U.S. 460, 465-66(2000)). Rule 15(a) provides that the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant a motion to amend a pleading rests in the sound discretion of the district court.

---

[5]Schindler Aufzüge is a "sister company" of Schindler. (Schindler's Answer to Counterclaim at §5).

5

Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).

Leave to amend should be granted unless there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through previous amendments, undue prejudice or futility. Foman v. Davis, 371 U.S.178, 182 (1962); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Delay becomes undue when it places an unwarranted burden on the court or becomes prejudicial to the opposing party. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984); see also Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001)."The passage of time, without more, does not require that a motion to amend a [pleading] be denied." Adams, 739 F.2d at 868.  The Third Circuit has consistently recognized that "prejudice to the non-moving party is the touchstone for the denial of an amendment." Arthur, 434 F.3d at 204 (quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).

Schindler argues that Otis should not be able to amend its counterclaim to add Schindler Aufzüge because (1) Otis provided no explanation for its delay in seeking leave;  (2) the counterclaim against  Schindler Aufzüge would be futile, and (3) the amendment would prejudice Schindler. As set forth below, there is no merit to Schindler's arguments.  The Court addresses each argument below.

Schindler argues that Otis delayed  in seeking leave to join Schindler Aufzüge and fails to offer an explanation for not including Schindler Aufzüge in its original counterclaim. Schindler's argument is unpersuasive.   This is a new case.  The complaint was filed on December 23, 2008. Otis filed its answer and counterclaim on January 22, 2009.  The case was subsequently transferred from the Southern District of New York and was docketed by this Court on February 6, 2009. Within weeks, Otis filed its motion seeking leave on March 4, 2009.  The short period of time

6

between Otis filing its original counterclaim and its motion for leave  does not constitute delay warranting denial of Otis' motion. See <u>USX Corp. v. Barnhart</u>, 395 F.3d 161, 167 (3d Cir. 2004)(delay alone is insufficient ground to justify denial of leave);  <u>Adams</u>, 739 F.2d at 868.

Schindler's ability to defend against the counterclaim will not be made unduly difficult by the amendment.  See <u>Deakyne v. Comm'rs of Lewes</u>, 416 F.2d 290, 300 (3d Cir. 1969)(prejudice "means undue difficulty in [defending] a lawsuit as a result of a change in tactics or theories on the part of the other party").  Discovery has just commenced.  Documents have not been exchanged, depositions have not been taken and  no dispositive motions have been filed. (Otis Reply at 8). Schindler's litigation strategy and its opportunity to explore Otis' counterclaims in discovery will not be compromised by the amendment. Schindler will not be unfairly prejudiced by the grant of leave to amend at this early stage of the litigation.  Furthermore, the Court fully accepts Otis' explanation for why it did not seek to amend sooner.[6]

Schindler maintains that the amended counterclaim would be futile because the Court does not have personal jurisdiction over Schindler Aufzüge.  Schindler argues that Schindler Aufzüge, a Swiss entity, does not have the requisite minimum contacts to be subject to the Court's jurisdiction. (Schindler Sur-Reply at 5).  Schindler offers the Declaration of Dean Chow, an Installation Standards Manager with Schindler ("Chow Declaration"), in opposition to the motion. Otis responds arguing that the Chow Declaration does not refute the allegations that Schindler Aufzüge had regular contacts

---

[6]To the extent Schindler argues that Otis fails to provide an explanation for its purported delay, Otis maintains that it had intended to file the the third-party complaint as of right under Rule 14(a) within ten days of filing its original answer in the Southern District of New York.  Otis claims that it was prevented from doing so because the transfer order was entered only five days after the answer was filed and the ten day window for filing a third-party complaint had already expired by the time the Clerk of this Court docketed the case. (Otis Br. at 3).  The Court finds Otis' explanation sufficient.

with New Jersey sufficient for personal jurisdiction. (Otis Response at 3). Otis further notes that it has not received any jurisdictional discovery to respond to the Chow Declaration. (Otis Reply at 8). Therefore, Otis contends that it would be premature for the Court to rule on the sufficiency of the jurisdictional allegations. (Otis Response at 3).[7]

The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. The trial court may deny leave to amend where the amendment would not withstand a motion to dismiss. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983). However, given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 764 (D.N.J. 2000)(citations omitted). Thus, the proposed amendment must be plainly frivolous or advance a claim that is insufficient on its face. Id. "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Federal Practice and Procedure, supra at §1487(emphasis added).

The hotly disputed issue of personal jurisdiction is not at issue on this motion. There are stark contradictions in the parties' factual contentions relative to personal jurisdiction over Schindler Aufzüge.(Schindler Sur-Reply at 6). Schindler Aufzüge's contacts with New Jersey maybe further explored in discovery. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)(internal quotations omitted)("courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous"). Otis' jurisdictional allegations state a

---

[7]Otis submitted a letter dated April 21, 2009 referring to Schindler's recently served responses to Otis's request for admissions. Schindler responded in kind. At the very least, the letters illustrate fact issues requiring discovery on the alleged involvement between Schindler and Schindler Aufzüge regarding the Gates Tension Member.

plausible basis for personal jurisdiction.  Conversely, Schindler has failed to meet its burden to demonstrate transparent Rule 12(b)(6) futility.  Whether the Court has personal jurisdiction over the newly named counterclaim-defendant is more appropriately addressed in a fully developed motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2).  Thus, the Court finds that the proposed amended counterclaim is not futile for lack of personal jurisdiction.

Lastly, Schindler argues that it will be prejudiced if Schindler Aufzüge is added as a counterclaim-defendant.  Schindler maintains that service on Schindler Aufzüge via the Hague Convention and motion practice to determine jurisdiction over Schindler Aufzüge will  delay resolution of the lawsuit. (Schindler Sur-Reply at 7).  Schindler further points out that it filed the present action to expeditiously obtain a declaration of invalidity of the '433 Patent and that the delay caused by adding Schindler Aufzüge as a party prolongs Otis' improper monopoly asserted through the '433 Patent. Id. at 7.

Otis' proposed counterclaim would not unfairly prejudice Schindler.  Schindler's desire to expedite the litigation is not a legitimate reason to preclude the addition of  Schindler Aufzüge as a party to the case.  Rule 13(h) is to be applied liberally to avoid multiplicity of litigation. Joseph Oats Holding, 2008 U.S. Dist. LEXIS 25175, at *20; see also  6 Federal Practice and Procedure, supra at §1434.  The objective of Rule 13(h) will be served by permitting joinder of Schindler Aufzüge.  Otis' counterclaims against Schindler Aufzüge and Schindler are  intertwined.  The counterclaim against each party rests on  common questions of law and fact.  To adjudicate the infringement counterclaims in separate actions would result in  multiplicity of litigation and waste judicial resources in direct contravention of the purpose of Rule 13(h).  Therefore, the Court concludes that  Otis should be granted leave to join Schindler Aufzüge as a counterclaim-defendant.

9

**C. <u>Conclusion</u>**

Otis' allegations of infringement against Schindler Aufzüge arise out of the same transaction or occurrence as the claims against Schindler.  The counterclaims share common questions of law or fact and that a disposition of the infringement claims in one litigation would promote judicial economy without prejudicing any of the parties to the litigation.  For these reasons, Otis' motion for leave to file a counterclaim adding Schindler Aufzüge as a counterclaim-defendant is **granted**.  An appropriate order accompanies this Letter Opinion.


 /s/ Mark Falk
**MARK FALK**
**United States Magistrate Judge**


Orig.:  Clerk of the Court
cc:     Hon. Dennis M. Cavanaugh, U.S.D.J.
        All Parties
        File