NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| SCHINDLER ELEVATOR CORP., | : | |
| Plaintiff, | : | |
| v. | : | |
| OTIS ELEVATOR CO., | : | |
| Defendant. | : | **Hon. Dennis M. Cavanaugh** |
| _____ | : | |
| | : | **OPINION** |
| OTIS ELEVATOR CO. | : | |
| Counterclaim Plaintiff, | : | Civil Action No. 09-cv-0560 (DMC) (JAD) |
| v. | : | |
| SCHINDLER ELEVATOR CORP. and SCHINDLER AUFZÜGE AG, | : | |
| Counterclaim Defendants. | : | |
| _____ | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions of Schindler Elevator Corporation

("Schindler") and Otis Elevator Company ("Otis") for partial reconsideration of this Court's claim

construction Opinion issued on January 13, 2010.  In the Opinion, this Court set forth its construction of

various terms in the 6,739,433 patent.  See Schindler Elevator Corp. v. Otis Elevator Co., 2010 U.S. Dist.

LEXIS 2463 (D.N.J. Jan. 13, 2010).   As the Court writes for the parties, familiarity with the underlying

factual and procedural history of this matter is assumed.  No oral argument was heard pursuant to FED.

R. Civ. P. 78.

For the reasons stated below, Otis's motion for reconsideration is **granted**, and Schindler's

motion for reconsideration is **denied**.

## I. <u>STANDARD OF REVIEW</u>

Motions for reconsideration are governed by L. Civ. R. 7.1(i).  <u>See</u> <u>U.S. v. Compaction Sys.</u>

<u>Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion pursuant to Local Rule 7.1(i) may be granted

if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has

become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.

<u>Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.</u>, 825 F. Supp. 1216, 1220 (D.N.J. 1993).  Such

relief is "an extraordinary remedy" that is to be granted "very sparingly."  <u>See</u> <u>NL Indus. Inc. v.</u>

<u>Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court

before rendering its original decision.  <u>See</u> <u>Bermingham v. Sony Corp. Of Am., Inc.</u>, 820 F. Supp. 834,

856 (D.N.J. 1992), <u>aff'd</u>, 37 F.3d 1485 (3d Cir. 1994).  In other words, a motion for reconsideration is

not an appeal.  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s]

already thought through." <u>Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.</u>, 744 F. Supp. 1311, 1314

(D.N.J. 1990).

## II. <u>OTIS'S MOTION FOR RECONSIDERATION</u>

Otis seeks reconsideration of this Court's construction of one term—"arranged in spaced

relation"—which is found in Claim 18 of the '433 patent (which is a dependant claim, and relies on

Claim 1 of the patent).  Otis asks that this Court reconsider its holding that "cords are arranged in spaced

relation to each other" should be construed as "cords are positioned at predetermined positions relative to each other."  Otis proposes that the word "spaced" be added to the construction so that the term is construed as "cords are positioned at predetermined positions spaced relative to each other" (additional word underlined).  As Claim 18 is dependant upon Claim 1, the Court will consider the relevant portions of each claim in turn.

## A.     CONSTRUCTION OF "SIDE-BY-SIDE" IN CLAIM 1

Claim 1 reads:

A tension member for providing lifting force to a car of an elevator system, comprising:

a plurality of discrete cords, constructed from a plurality of individual wires, wherein all wires are less than 0.25 millimeters in diameter, said plurality of cords being arranged side-by-side;

a coating layer substantially enveloping said plurality of cords and having an aspect ratio defined as the ratio of width w relative to thickness t, greater than one.

Claim one, then, recites "a plurality of cords arranged side-by-side."  In its Markman submissions, Schindler asserted that "side-by-side" should be construed as "each one immediately next to and directly touching an adjacent one."  Schindler based this interpretation on the fact that the specification instructs that "it is desirable to minimize the spacing . . . between the cords."  Otis responded that "side-by-side" should simply mean "arranged linearly along the width dimension." Otis's proposed definition did not require that the cords be in contact with each other.

This Court agreed with Otis, and determined that although the specification explains that spacing between cords should be "minimize[d]" if possible, it does not follow that the invention requires  there to be no spacing at all.  In fact, all of the embodiments depicted in the patent contain some spacing.  See Verizon Servs. Corp. v. Vonage Holdings Corp., 503 F.3d 1295,1305 (Fed. Cir.

2007) (construing terms in a manner that does not exclude examples in the specification); Oatley Co.

V. IPS Corp., 514 F.3d 1271, 1277 (Fed. Cir. 2008) (same).  Furthermore, the specification explicitly

recognizes that completely eliminating separation between the cords may not be possible.  Schindler's

proposed construction would, therefore, have potentially lead to Otis's claim covering an invention

that is impossible to achieve.  See Cross Atl. Capital Partners, Inc. v. Facebook, Inc., 2008 U.S. Dist.

LEXIS 15862, at *24 (E.D. Pa. Feb. 29, 2008) (rejecting a proposed term construction that would

make it impossible for the invention to function properly).  This Court determined that Otis's

definition more accurately reflected the claim language, and properly encompassed the examples

contained in the patent.

The Court construed "side-by-side" to mean "arranged linearly along the width dimension."

**B.      CONSTRUCTION OF "CORDS ARE ARRANGED IN SPACED RELATION TO EACH OTHER" IN CLAIM 18**

Claim 18 reads:

A tension member according to claim 1 wherein said <u>cords are arranged in spaced relation to each other</u>.

Schindler asserted that "cords are arranged in spaced relation to each other" should be construed as "cords

are positioned at predetermined positions relative to each other."  Otis suggested that the term should be

interpreted to mean "cords are positioned with predetermined separation(s) between adjacent cords."

This Court previously found that Otis's construction inappropriately added a mandatory separation

between the cords.  See In re Cruciferous Sprout Litigation, 301 F.3d 1343, 1348 (Fed. Cir. 2002).  The

Court found that separation was not required, and refused to impart such a limitation on the claim.

"Cords are arranged in spaced relation to each other" was, therefore, construed as "cords are positioned

at predetermined positions relative to each other."

**C.  MOTION FOR RECONSIDERATION**

In its motion for reconsideration, Otis asserts that "Cords are arranged in spaced relation to each other" should be construed to mean "cords are positioned at predetermined positions spaced relative to each other."  That is, Otis (again) asserts that there must be separation between the cords in Claim 18.  Otis asserts that without such a distinction, Claim 1 (independent claim) and Claim 18 (a dependant claim, which relies on Claim 1) would have the same scope.  This result, Otis argues, is impermissible because the doctrine of claim differentiation provides a presumption that dependant claims must be narrower than the independent claim(s) from which they rely.

Schindler responds that Otis is not entitled to reconsideration as "claim differentiation is not a rigid rule, and dependent claims are not required to have a narrower scope than the independent claims from which they depend."  Accordingly, Schindler argues that because there has been no error of law, reconsideration need not be granted.  Next, Schindler argues, "even if the doctrine of claim differentiation is considered by the Court, the Court's constructions already result in dependent claim 18 having a scope narrower than the scope of independent claim 1."

This Court will address the two questions raised by the parties:  (1) whether the doctrine of claim differentiation applies to this motion for reconsideration, and if so, (2) whether the construction already in place adequately differentiates the claims.

1.  *Has Otis Failed to Satisfy the Standard for Reconsideration?*

As the Federal Circuit has explained, "dependent claims are presumed to be of narrower scope than the independent claims from which they depend" under the doctrine of claim differentiation.  <u>AK Steel Corp. v. Sollac and Ugine</u>, 344 F.3d 1234, 1242 (Fed. Cir. 2003).  The presumption created by the doctrine of claim differentiation, however, is "not a hard and fast rule and will be overcome by a contrary

construction dictated by the written description or prosecution history." Seachange Int'l, Inc. v. C-COR, Inc., 413 F.3d 1361, 1369 (Fed. Cir. 2005). The doctrine of claim differentiation, accordingly, should be applied unless there is a contrary construction required by the written description or prosecution history (i.e., an indication that the dependant claim is, in fact, not narrower than the independent claim).

Previously, Otis's primary argument as to the construction of "arranged in spaced relation" was that there must be separation between the cords. Its argument on this point was essentially the same as its argument with respect to "arranged side-by-side" (of Claim 1). See Doc. No. 80, at 84 (noting that the "spaced relation" construction issue is the "same" as the "side by side" construction issue); see also Doc. No. 61, at 22; Doc. No. 66, at 6-7, 14.[1] This fact notwithstanding, at oral argument Otis also asserted that "Schindler's construction just reads the word 'spaced' out of that term entirely. It gives no meaning to 'arranged in spaced relation.'" See Doc. No. 101, at 67-68. This Court agrees.

Accordingly, although Otis did not explicitly argue that "arranged in spaced relation" must be given a more narrow reading than "arranged side-by-side" based on the doctrine of claim differentiation, its position at oral argument did allude to such a rationale. Moreover, both parties acknowledge that the doctrine was discussed elsewhere in this matter.[2] The Court will, accordingly, consider the applicability of the doctrine to the dispute concerning the term "arranged in spaced relation" found in Claim 18. Holten v. Chevron U.S.A., 2002 U.S. Dist. LEXIS 10151, at *4 (D.N.J. May 20, 2002) (noting that "only those matters of fact or issues of law which were presented to . . . the court in the course of making the

---

[1] This Court has already rejected this argument with respect to Claim 1, and construed "side-by-side" to mean that the cords are "arranged linearly along the width dimension" without requiring that there be "spacing" **OR** "no spacing" between the cords. 2010 U.S. Dist. LEXIS 2463, at *18, 27.

[2] See Doc. No. 92, at 3 n.2; Doc. No. 67, at 13-14; Doc. No. 80, at 60; Doc. No. 66, at 15-16

decision at issue" may be considered on motion for reconsideration); <u>Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.</u>, 680 F. Supp. 159, 162 (D.N.J. 1988).

> 2.    *Is Claim 18 Narrower in Scope than Claim 1?*

Having determined that the doctrine of claim differentiation applies to the construction of Claim 18 (in view of Claim 1), this Court must determine whether its construction of Claim 18 resulted in a claim that was not narrower in scope than Claim 1.

Schindler argues that, as is, Claim 18 has been construed narrower than Claim 1.  Schindler notes that the term "side-by-side" in Claim 1 has been construed to mean "arranged linearly along the width dimension," and the term "cords are arranged in spaced relation to each other" in Claim 18 is currently construed to require the cords to be "positioned at predetermined positions relative to each other." Schindler asserts that the latter term has been construed to be more narrow than the former.  The Court cannot agree, and finds that its initial construction of Claim 18 gave the claim a scope that was equal to that of Claim 1.  In other words, in this context  "arranged linearly along the width dimension" has a definition that is functionally the same as "positioned at predetermined positions relative to each other." The fact that the "positioning" of the cords (in Claim 18) takes place in "positions <u>relative to each other</u>" does not change this result—objects which are "arranged" are also necessarily arranged "in relation" to other objects (here, cords).  Further, the Court cannot agree that the physical relationship described in Claim 18 requires that the spacing between the cords has a fixed and/or uniform distance between each cord.

Accordingly, this Court does not agree that Claim 18, as construed, is narrower than Claim 1.

*    *    *    *    *

For the reasons stated, and in light of the doctrine of claim differentiation, the Court will reconsider its construction of the term "arranged in spaced relation" in Claim 18.  The phrase "cords are arranged in spaced relation to each other" in Claim 18 will be defined as "cords are positioned at predetermined positions spaced relative to each other."

### III.  SCHINDLER'S MOTION FOR RECONSIDERATION

Schindler asks this Court to reconsider its construction of a disputed term contained in Claim 1 of the '433 patent:  "an aspect ratio defined as the ratio of width $w$ relative to thickness $t$."  In its initial Opinion, this Court adopted Otis's proposed construction of the term, and defined an aspect ratio as "an aspect ratio defined as the width of the coating layer relative to the thickness $t1$ of the coating layer at the locations across the width of the coating layer where the layer substantially envelopes the cords."

**A.      THIS COURT'S CONSTRUCTION OF  "AN ASPECT RATIO DEFINED AS THE RATIO OF WIDTH $w$ RELATIVE TO THICKNESS $t$"**

Claim 1, recited in full above (p.3), claims a coating layer having "an aspect ratio defined as the ratio of width $w$ relative to thickness $t$."  Otis asserted that this term should be construed as "an aspect ratio defined as the width of the coating layer relative to the thickness $t1$ of the coating layer at the locations across the width of the coating layer where the layer substantially envelopes the cords." Schindler's proposed construction was "a constant, uniform, single value representing the ratio of a constant, uniform, single value thickness of the tension member, where width $w$ is the distance from one lateral edge to the opposite lateral edge of the tension member, and thickness $t$ is measured orthogonal to the width $w$ and represents the distance from one surface of the tension member to an opposite surface of the tension member."  In short, Schindler asserted that the width of the tension member must be uniform (i.e., flat), such as in the tension belt depicted in Figure 9 of the '433 patent.  Otis responded that

the width need not be uniform, as depicted in Figure 5 of the patent.

This Court adopted Otis's construction, and determined that the claimed tension belt was not required to have a uniform width, and explained that the construction proposed by Otis

> is proper for two reasons.  First, certain embodiments of the tension member do not have a width of a "constant, uniform, single value."  In embodiments such as depicted in Figure 5 of the specification, thickness **t1** is not constant across the width of the belt.  If possible, the Court should not read depicted embodiments of the invention out of the patent's scope. Second, the literal language of the specification dictates that the **t1** measurement encompass the widest width of the belt.  For example, as the specification notes, **t1** (total thickness) = **t2** (the upper coating layer, i.e., between cords and engagement surface)  +  **t3** (the lower coating layer) + **d** (diameter of the inner cords).  As such, **t1** must account for the total width of the cords and the coating.  The thickness of the coating layer, then, must be measured where the coating layers surrounds a cord.  Schindler's definition does not properly account for tension belts with a non-uniform width.

2010 U.S. Dist. LEXIS 2463, at *21-23.

The Court, accordingly, construed "an aspect ratio defined as the ratio of width w relative to thickness t" to mean "an aspect ratio defined as the width of the coating layer relative to the thickness t1 of the coating layer at the locations across the width of the coating layer where the layer substantially envelopes the cords." Id.  Schindler again asks this Court to require that the aspect ratio has a uniform width (i.e., that the claimed belt must be flat).

**B.    MOTION FOR RECONSIDERATION**

Schindler asserts that reconsideration is proper because this Court placed too much emphasis on ensuring that embodiments depicted in the specification were not excluded from the scope of the claims. Schindler asserts that, "in view of Federal Circuit precedent, the claim language, and the intrinsic record of the '433 Patent," it would be proper to construe "an aspect ratio defined as the ratio of width w relative to thickness **t**" such that disclosed embodiments were excluded from the scope of the claims.  The Court disagrees.

-9-

The Court acknowledges that the claims of a patent need not in every case be construed so as to encompass all disclosed embodiments. See TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc., 529 F.3d 1364, 1373 (Fed. Cir. 2008). Courts, however, must be especially cautious before construing a claim in a manner that excludes a preferred embodiment. See, e.g., Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1583 (Fed. Cir. 1996) (stating that a construction that excludes the preferred embodiment "is rarely, if ever correct and would require highly persuasive evidentiary support"). This Court finds that such caution—admittedly, perhaps slightly less caution—is also appropriate where a construction would lead to the exclusion of any disclosed embodiment (even if it is not the "preferred" embodiment). Helmsderfer v. Bobrick Washroom Equip., Inc., 527 F.3d 1379, 1389 (Fed. Cir. 2008) ("[O]ur court has cautioned against interpreting a claim term in a way that excludes disclosed embodiments, when that term has multiple ordinary meanings consistent with the intrinsic record."). Here, Schindler's reading would exclude two claimed embodiments that are disclosed in the specification. This Court, therefore, properly considered this fact in determining the proper construction of the disputed term of Claim 1.

Moreover, all of the dependent claims necessarily include the term: "aspect ratio defined as the ratio of width $w$ to thickness $t$," as the term is contained in independent Claim 1. When this Court is construing the term, then, it "strives to reach a claim construction that does not render claim language in dependent claims meaningless." Ortho-McNeil Pharmaceutical, Inc. v. Mylan Laboratories, Inc., 520 F.3d 1358, 1362 (Fed. Cir. 2008); Phillips v. AWH Corp., 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc). Claims 24 and 28 include a limitation that the engagement surface of the claimed tension member be "contoured to complement" an engagement surface of a sheave. Schindler's proposed construction would read out these claims, which necessarily contain aspect ratios of varying thicknesses.

Finally, in light of the intrinsic evidence discusses above, the fact that Claim 1 refers to "an aspect

-10-

ratio" does not convince this Court that there must be an aspect ratio of uniform width.  See TiVo, Inc.

v. Echostar Communications Corp., 516 F.3d 1290, 1303 (Fed. Cir. 2008) ("As a general rule, the words

'a' or 'an' in a patent claim carry the meaning of 'one or more.'  That is particularly true when those

words are used in combination with the open-ended antecedent 'comprising.'").  Construction of the

words "a" and "an" is context specific, and is largely determined by the specification and prosecution

history.  See, e.g., Elkay Mfg. Co. v. Ebco Mfg. Co., 192 F.3d 973, 977-79 (Fed. Cir. 1999) (noting that

"our cases emphasize that 'a' or 'an' can mean 'one' or 'more than one,' depending on the context in

which the article is used"); AbTox, Inc. v. Exitron Corp., 122 F.3d 1019, 1023-27 (Fed. Cir. 1997)

(limiting the phrase "comprising . . . a metallic gas-confining chamber" to a single such chamber based

on context gleaned from the specification).  Here, in contrast to the Elkay and AbTox cases cited above,

the specification of the '433 patent illustrates that the thickness of the claimed elevator belt may be non-

uniform.

     For the reasons stated, Schindler's motion for reconsideration of this Court's construction of the

term "an aspect ratio defined as the ratio of width **w** relative to thickness **t**" is denied.

## IV.  CONCLUSION

     For the reasons stated, Otis's motion for reconsideration is **granted**, and Schindler's motion for

reconsideration is **denied**.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:        August   3  , 2010
Original:     Clerk's Office
cc:          All Counsel of Record
            Hon. Joseph A. Dickson, U.S.M.J.
            File