NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHINDLER ELEVATOR CORP., <br><br> Plaintiff, <br><br> v. <br><br> OTIS ELEVATOR CO., <br><br> Defendant. <br><br><br> OTIS ELEVATOR CO. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> SCHINDLER ELEVATOR CORP. and SCHINDLER AUFZÜGE AG, <br><br> Counterclaim Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> OPINION <br><br> Civil Action No. 09-cv-0560 (DMC) (JAD) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

      This matter comes before the Court upon Schindler Aufzüge AG's ("Aufzüge" or "Counterclaim Defendant") motion for reconsideration of the denial of its motion to dismiss for lack of personal jurisdiction by Order of this Court issued on March 16, 2010. As the Court writes for the parties, familiarity with the underlying factual and procedural history of this matter is assumed. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78.

      For the reasons stated below, Aufzüge's motion for reconsideration is **denied**.

## I. STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to this rule may be granted if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## II. DISCUSSION

Aufzüge argues that the Court should reconsider its decision to deny Aufzüge's motion to dismiss for lack of jurisdiction because Otis Elevator Co.'s ("Otis") claim does not arise from or relate to Aufzüge's contacts with New Jersey. The Court previously considered this argument upon Aufzüge's initial motion and therefore declines to revisit the issue here. The Court finds Aufzüge's burden of proof argument equally without merit. Though the parties have had the opportunity to conduct discovery, the deposition testimony proferred by Aufzüge does not change the jurisdictional calculus. It is clear from

the transcripts that Schindler Elevator Corp. ("Schindler") and Aufzüge employees worked closely together and that Aufzüge employees viewed testing of Gates Tension Members at Schindler facilities. This new evidence, therefore, does not sway the Court that Otis has failed to establish jurisdictional facts by a preponderance of the evidence.

## IV. CONCLUSION

For the reasons stated, Aufzüge's motion for reconsideration is **denied**.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: November  10 , 2010
Original: Clerk's Office
cc: All Counsel of Record
    Hon. Joseph A. Dickson, U.S.M.J.
    File