NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHINDLER ELEVATOR CORP., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> OTIS ELEVATOR CO., : <br> : <br> Defendant : <br> : <br> OTIS ELEVATOR CO., <br> <br> Plaintiff, <br> <br> v. <br> <br> SCHINDLER ELEVATOR CORP. and <br> SCHINDLER AUFZÜGE AG, <br> <br> Counterclaim Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **ORDER** <br><br> Civil Action No. 09-CV-0560 (DMC - JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on a Report and Recommendation filed by Magistrate Judge Joseph A. Dickson on March 24, 2011, recommending sanctions against Schindler Aufzüge AG ("Aufzüge") for its willful failure to obey this Court's Order dated October 26, 2010 (10/26/10 Order, ECF No. 142)(the "Order"). Magistrate Judge Dickson's Report and Recommendation recommends that if Aufzüge does not produce all documents required by the October 26, 2010 Order within twenty (20) days of the effective date of this Order accepting Magistrate Judge Dickson's Recommendations, this Court (1) enter default against Defendant Aufzüge precluding Aufzüge's

further defense, and (2) establish the following facts as presumed, subject to rebuttal by Schindler Elevator Corp. ("Schindler") with evidence and/or documents in the possession of all parties:

    a.    Aufzüge copied Otis's invention claimed in U.S. Patent No. 6,739,433, as embodied in the Otis Gen2 elevator belts with specification numbers AAA717P1, AAA717W1. and/or AAA717R1, in order to develop the Gates Tension Member (including the Gates tension member with specification number LL MV 90-07) to lift an elevator car in an elevator system.

    b.    The elevator systems using belts sold by Aufzüge and other Schindler European affiliates are commercially successful due to their use of the belts claimed in the '433 patent instead of round ropes to provide lifting force to the elevator car.

    c.    Aufzüge tried and failed to design alternatives to the '433 patent inventions, including failing to design elevator belts with alternative cord configurations and failing to develop non-belted elevator systems that compete with belted elevator systems.

The parties were given notice that pursuant to Local Civil Rule 72.1, they had fourteen days from receipt of the Report and Recommendation to file and serve any objections. On April 7, 2011 an order was entered permitting Schindler to file objections on April 11, 2011. On April 11, 2011, Aufzüge filed an Objection to Magistrate Judge Dickson's Report and Recommendations. On the same day, Schindler filed an Objection, joining Aufzüge's objections and declining to submit separate or additional objections of their own. On April 25, 2011, Otis Elevator Company submitted a response brief to Aufzüge's objections to the Court's Report and Recommendation.

Schindler Aufzüge advances the following objections to the Report and Recommendation: (I) an entry of default against Schindler Aufzüge is improper because Swiss Law criminalizes compliance with this Court's discovery orders, (II) if this Court enters default, it should follow Magistrate Judge Dickson's recommendation and decline to enter judgment against Aufzüge, (III) this Court should not enter the proposed rebuttable presumptions as they are too harsh, (IV) if this

Court determines that Evidentiary Sanctions are proper, it should decline to enter the specific presumptions proposed as they are too harsh, (V) this Court should delay any sanctions found proper until after the scheduled May 19, 2011 settlement conference, and (VI) objection and request for modification of issues contained in the Report and Recommendation. Specifically, under Objection (VI), Aufzüge objects to (1) the statement that Schindler made an affirmative representation that Aufzüge possessed any particular responsive documents, (2) a suggested typographical error, that the Court intended to write "Otis has demonstrated that there is a likelihood that the document[s] held by Aufzüge would 'relate directly' to these secondary considerations of non-obviousness," and (3) the statement that Aufzüge "has chosen not to replace its counsel."

    The Court has reviewed the Report and Recommendation de novo, as well as the arguments advanced by the parties regarding Schindler's opposition to the same, and concurs in Judge Dickson's opinion. This Court is satisfied that Aufzüge's Objections (I) through (IV) have been properly addressed in the Report and Recommendation. Further, we reject the Aufzüge's Objection (VI) regarding the specific issues contained in the Report and Recommendation.

    This Court further finds that Schindler's Objection (V) requesting a delay in the entry of the proposed sanctions until the scheduled settlement conference is improper under the circumstances. Schindler has failed to demonstrate how this case will resolve in settlement without the production of the discovery in question. Further, there is no reason to believe that the imposition of the proposed sanctions will hinder any path to potential settlement. Therefore, this court hereby rejects Schindler's objection that the entry of the proposed sanctions should be delayed.

    Accordingly, this Court will adopt the Report and Recommendation as the Opinion of the Court.

IT IS on this  30th  day of September, 2011,

**ORDERED** that the Report and Recommendation of Magistrate Judge Joseph A. Dickson (ECF No. 215) is hereby adopted as the Opinion of the Court;

**IT IS FURTHER ORDERED** pursuant to the terms of the Report and Recommendation, that the motion to withdraw as counsel for Aufzüge entered by Pierre R. Yanney, Esq. (and his firm, Strook & Strook & Lavan LLP) and Jeffery Brosement, Esq. (and his firm, Brosemer, Kolefas, & Associates, LLC) is **granted** and is effective on the twenty-first (21st) day after the effective date of this Court's order accepting and approving the Report and Recommendation. If, however, Schindler Aufzüge produces the required discovery called for by the Order, this order granting the motion to withdraw **shall be vacated**.

                                                S/ Dennis M. Cavanaugh
                                                Dennis M. Cavanaugh, U.S.D.J.

Original:    Clerk
cc:          All Counsel of Record
              Hon. J. A. Dickson, U.S.M.J.
              File